The next case on our agenda today is agenda number three, number 130716. People of the State of Illinois v. David Hietschold. Counsel for the appellant. Are you prepared to proceed? Yes, Your Honor. Good morning, and may it please the Court. Assistant Attorney General Eldred Malamuth for the People. In this case, defendant was convicted of aggravated battery in a public place following a trial in his absence. The appellate court reversed, holding that the trial court did not substantially comply with the admonishment statute because it did not specifically advise defendant that his failure to appear would be a waiver of his right to confront the witnesses against him. This court should reverse because the trial court substantially complied with the statute by imparting to defendant the statute's essence, which is that a failure to appear would waive his right to be present and the trial could proceed in his absence. In fact, the trial court twice substantially complied with the statute. The matter was set for trial, and the trial court admonished defendant that if he failed to appear, a warrant could issue for your arrest and you could be tried in your absence. Counsel, what about this idea that 50 percent is substantial compliance? You wouldn't normally think of it in those terms, would we? Well, no, 50 percent is not substantial compliance, but the 50 percent number comes from a misunderstanding of the admonishment here. So the admonishment, and just to step back one quick second, the legislature has provided that a balanced interest in the state's interest in administering justice with the defendant's right to be present at trial by setting up a regime here that ensures that a defendant is only tried if there's substantial evidence of his willful absence, and that then to this end, they enacted Section 725 ISCS 113-4.E, which states that a defendant must be advised that if he fails to appear, that would constitute, quote, a waiver of his right to confront the witnesses against him and the trial could proceed in his absence. And so the defendant and the appellate court tried to position this as two completely separate requirements. There's a right to confront the witnesses against you, and separately, there's some issue that the trial could proceed in the defendant's absence. But, of course, that's not the case. One is a logical consequence of the other. You have the right to be present, and you – if you're not, you won't be there. And so you can't be face-to-face with the witnesses who are testifying against you. But, Mr. Allen, look, they specifically talk about this right to confront the witnesses. And so it's not – I mean, there are a lot of things that are included in the trial process, but this is very specifically stated. And in Dominguez, they define substantial compliance that it must import to defendant largely what is specified in the rule. We're talking about substantial compliance. To Justice Overstreet's point, here's something that is specifically stated. There's two requirements specifically stated. Is it largely or substantially inclusive of those things by really only mentioning one and assuming the other is included by reference? Well, Your Honor, I must disagree with you that there are two requirements. There's not a requirement that – that there's not two completely separable things. For instance, there's not the right to confront the witnesses and the right against self-incrimination. What there is is there's the right to confront witnesses and – which means that the trial will continue in the defendant's absence. And in fact, a defendant does not waive his confrontation rights completely by his So when we understand confrontation rights, there are two components. First, there's the component to be present, to be physically face-to-face with the witnesses that are testifying against the defendant. Second, there's the right to cross-examine the witnesses. And the defendant does not waive that right. And in fact, in this case, defense counsel cross-examined each and every of the witnesses that were put up by the prosecution against the defendant. So it's actually not even quite correct to say that the defendant waives full confrontation rights. And in this respect, what the statute is doing is it's ensuring that a defendant is not tried in his absence, in absentia, without understanding that the defendant has the right, that the defendant understands his right to be present, his or her right to be present, and does not appear. That's the right that we are ensuring is fulfilled by the statute here. So there's not one right – there's not two separate components. They are connected. And to this end, this court has adopted a three-part test originally promulgated or originally created by the appellate court to determine that the defendant is willfully absent, that there's substantial evidence that the defendant is willfully absent. And that three-part test is that the defendant was, one, advised of the trial date, two, advised, quote, advised that failure to appear could result in trial in absentia, end quote, and three, that the defendant did not appear. And so this court has made clear that the essence of the statute, of the admonishment statute, is that to impart to the defendant that if he or she fails to appear, the trial could proceed without him or her. And for this – Counsel, let me interrupt you again. So the record here does not – there's no evidence that an arraignment ever took place. Is that correct? There's no affirmative evidence that an arraignment took place. That's true. Okay. What impact does that have on this case? Well, it has no impact on this case because the admonishments can be given at arraignment or at any later date. In this case, the admonishments were given, we know for sure, at some date there was not the arraignment. And because those admonishments substantially complied with the statute, then the lack of arraignment, if there was one, is inconsequential. Now, we don't know for sure that there wasn't an arraignment during the misdemeanor because at first the defendant was charged with a misdemeanor. A misdemeanor charge and a felony charge are distinct and different. Is that correct? Yes, correct. Okay. Are you saying that if there were an arraignment at the misdemeanor phase that that would be sufficient compliance here? Well, we don't know. Just in terms of ‑‑ I'm sorry, I interrupted you, Your Honor. We don't know if there had been an arraignment, if there could have been the charge here, the allegation is that there wasn't a substantial compliance with this one particular admonishment. The admonishment being that defendant's failure to appear could result in a absence. There's no evidence of that in the record? There's no evidence of that arraignment. That's correct, yes. But, of course, it's appellant's duty to provide a full arraignment. So if we want it to be a full record, excuse me, and so if we want it to be 100% sure that there hadn't been an arraignment while there was the misdemeanor charge, that would be defendant's burden to include that in the record. But in this case, it doesn't matter because we know that the defendant was twice admonished in a way that was substantially compliant with the relevant statute. So when we talk about substantial compliance, frequently we see a situation where a trial court, instead of reading verbatim what the rule is, they will try to put it into their own words, the admonishment. But here, isn't it different where there's a concept that's embodied in what the admonishment should have been that just wasn't mentioned at all? And I wonder, in looking at the Garner case, does that provide us some guidance on how we should rule here? Well, Garner does provide guidance, but not in the manner I think your honor might be suggesting. So it is certainly true that there must be substantial compliance, would then indicate that the court should, you don't want to leave out something wholly and that those concepts must be communicated. But that's exactly what happens here. And so, again, the statute is best understood not as a script that must be read exactly. But as your honor said. There's nothing wrong with doing it that way, right? I mean, strict compliance is good. Sure. We'd have to change the pronouns, I suppose, from his to your. But yes, we could do that. And now trial courts could do that. But in fact, trial courts can do more than sometimes do. And in this case, again, the fact that the statute states that the trial court must advise the defendant of his right, that there will be a waiver of his right to confront the witnesses against him. Again, when we understand what that means in this context, it's the right to be face-to-face, the right to be present, the right to be, to see the witnesses and for witnesses to see them. And this makes sense because the fear that, you know, the Sixth Amendment confrontation right clause and that is concerned here is the, that of ex-parte questioning by some sort of justice of the peace or other official where they might question a witness and then take the transcript or a summary and read that into a trial. And the defendant would not have been there when that witness testified. And that's something that this is designed to avoid. And that is communicated to the defendant by advising the defendant that he or she has a right to be present and that if he or she is not present, that the trial will go on in his or her absence. So your position is it's basically inferred if you don't show up for the trial, you won't see them and they won't see you. And that's the totality of what was needed to be communicated. Nothing needed to be communicated regarding, which of course we know the defendant being represented by counsel would not be able to literally question the witnesses. So is that your position? That's right, Your Honor. That what is the defendant's right, as I said, there are two rights. The right to be physically present, to be face-to-face with the witnesses. The right to cross-examine the witnesses. The defendant does not waive that right to cross-examine the witnesses by failure to be present. And in fact... Mr. Greenwald, I'm going to ask you this. So the defendant is not necessarily a sophisticated legal expert. But what you're saying is by just saying your right to be there in the courtroom, it is assumed that this defendant will understand that the State has the obligation to present these witnesses and that he has an opportunity then to question these witnesses. So all of that would be assumed from just saying your right to be present. To someone who is not a legal scholar like you or, you know... Well, thank you, Your Honor. But to be sure, this language here, the rights about confronting witnesses, it's legalese. You know, it's legal language. And we might know it. We might understand and understand the history of the Confrontation Clause and where this word comes from. But in fact, if you, as Your Honor is bringing up, if you are just a lay person who might not be as familiar with the Constitution, the statutes as we are, it's a more precise and perhaps understandable explanation to tell a defendant you have the right to be present at this trial. And if you're not, the trial could proceed without you there in your absence. If you tell a defendant the rights, you will lose your confrontation rights. I mean, is that more informative to a lay person than a more detailed explanation that doesn't use the word confront? But leaving it out completely is perfectly acceptable. Well, it certainly might be best practices to give a more verbatim reading of the statute to say, you know, if you are absent, that would constitute a waiver of your right to confront the witnesses against you and trial could proceed in your absence. What this means is that you have a right to be present, but if you fail to appear, you are waiving that right to be present. And the trial could proceed in your absence. Maybe that would be best practices. Certainly, the legislature has provided this language, and so following it in a more verbatim way would be substantial compliance. But again, this comes back to what is substantial compliance? Substantial compliance is imparting the essence of the statute to the defendant. We don't want a defendant to not understand that if he or she does not appear for trial, that that trial could go on anyway. That's really what we're talking about. As Your Honor said, there are other rights. We don't list them and go through them in this particular case. What we want the defendant to understand is that the trial could go on even if he or she does not show up, that he or she will waive that right to be present. I guess that's my point, is that this is one of those that is so important that it is specifically enumerated, and so no specific reference to it is required to obtain substantial compliance. That's your position. Well, no, it's not that there's no reference to it. You don't need to use the word confront. The confrontation rights include two parts, the right to be present, the right to cross-examine, and here there was communication of the right that the defendant was actually waiving, the right to be present. So there's reference to it. It just doesn't use the word confront. There's no necessity that we give a verbatim reading of the statute that we use this magic word, confront. That's not that there's no reference to the idea or the right. It's that we just don't have to use this one particular magic word. Is it your position that the purpose of this admonishment is not to notify the defendant that he has the right to literally cross-examine the witnesses because in most instances where there's an attorney, the attorney does that, not the defendant. I mean, it would be different if the defendant were self-represented, but here where they're not, are you saying that that wasn't even the purpose of the admonishment to even talk about the right to literally cross-examine a witness? Well, that is correct. That's the right that's being waived, Your Honor. And it's not just that I'm saying this. The court repeatedly over and over again has described the admonishment that must be given as the right to admonish the defendant that he or she has the right to be present. This goes on and on, that in Garner, in Phillips, in Smith, this court discusses that we have to advise a defendant of his or her right to be present, or we have to advise a defendant of the fact that a trial could proceed in his absence. And for this reason... And confront the witnesses. If you, I mean, not to... Well, that's what Garner says, right? Garner has multiple quotes. Sometimes it says it includes the confirmed language, but other times it will just quote and says, for instance, at 474 it says, since waiver assumes knowledge, a defendant who has not received notice of the possibility of trial in absentia cannot be deemed to have knowingly waived his right to be present at trial. So it's discussing the possibility of trial in his absence. And again, sometimes it certainly does use the word confront, and sometimes it doesn't. And for this reason, the appellate courts for decades have held that an admonishment that informs a defendant that the trial could proceed in his or her absence does substantially comply. I mean, for decades we have, starting with Clark, the 3rd District in 81, Broyle, the 4th District in 84, Coppedge, the 1st District in 89, and on and on. And this court in Smith in 1999 approved of these cases and said it was convinced by their reasoning and set forth this three-part test, which is that the defendant must be advised of the possibility of trial in absentia. That's the essence of the statute. And the defendant was here twice so advised. He was advised that the possibility of a trial could proceed in his absence, and a separate time he was advised that his failure to appear. In Smith, he was in fact advised. The defendant was in fact advised. Is that right? Well, in Smith, the admonishment did use the word confront. Yeah. But in Smith, actually, the admonishment says you would lose the right to confront witnesses, which means causality there that the trial could proceed in your absence. So even in Smith, the admonishment recognized that there's the causal link between these two things. But they were specifically proceeding in her absence and also that she would not be able to confront witnesses. Both were articulated. That's right. In Smith, that was the case. But when it was setting out for the advisement, the admonishment of the test, this Court did not include that language. I see my time is up. Unless there are further questions, I will serve the rest of the argument. Thank you very much. Thank you. Counsel, please. Dr. Lee. Good morning, Your Honors. Good morning, Counsel. May it please the Court. I'm Elliot Borchardt from the Office of the State of Health Defender, and I have the privilege of representing the defendant, Appel v. David Heitchell, in this case. Trials in absentia aren't just considered unfair. They are abhorred. And because they are abhorred, we have to ensure that before they occur, that a defendant's absence from trial is willful. A defendant's absence from trial can only occur if there is substantial compliance with Section 113-4, Subsection E. And given the plain language of the statute and this Court's precedent, substantial compliance means advising the defendant both that if he fails to appear, the trial can proceed in his absence, and that he would waive his right to confront witnesses. And because the trial court only admonished Mr. Heitchell as to the former and not as to the latter, it was error for the trial in absentia to occur. Mr. Borchardt, can I ask you, if being admonished about losing the right to confront witnesses is an essential part of Section 113-4E admonishments, then why did Smith and Ramirez leave that specifically out of the tests that were established in those cases? I do acknowledge in the three-part willfulness test, it talks about the defendant being advised that the trial can proceed in absentia. But if we take a deeper look at Smith, as Your Honor pointed out just a few minutes ago, it does specifically talk about how the defendant was advised that the trial could proceed in his absence. And thus there was substantial compliance, and thus the second element of the willfulness test was satisfied. If it wasn't necessary to admonish the defendant that he would be waiving his right to confront witnesses, if that wasn't necessary to substantial compliance, then there would have been no need for this court to make mention of that in Smith in the first place. But because substantial compliance means that it's part of the essence of the rule or to put the defendant on notice or to properly inform him, we could do some statutory interpretation here to see what the legislature intended that the defendant be advised of. And as this court is well aware of, when we are doing statutory interpretation, the best evidence of the legislative intent comes from the plain language of the statute. And when the plain language of the statute is unambiguous, it has to be applied as written. And the statute here, it cannot get any more unambiguous than this. It says the defendant has to be advised that trial can proceed in his absence and that he could waive his right to confront witnesses. The word and here is he. Given this court's precedent, it establishes in addition to. But counsel, it sounds like you're talking about strict compliance and what we're looking at is what constitutes, you know, substantial compliance. So what's the difference? Well, I would actually to answer that question, I point this court to its recent decision in shooning over this court, look at rule 12, B six and section one dash one on nine of the quota civil procedure to determine what substantial compliance was with that. And it looks at the plain language of the statute. And in looking at the plain language of the statute that identified specific elements. And it held that if the defendant does not comply with all of those elements, then there is no substantial compliance with the statute. And this court also specifically rejected an argument that that was strict compliance, because if it is, you could substantially comply by not adhering to all the elements, then you're necessarily rendering the plain language of the statute as superfluous. And it's the same thing here. Your Honor, the plain language establishes these two elements given the word and there's a thing on the either side of and here. So there's two pieces here. So we have to admonish the defendant as to both things, because if we don't, then we are rendering the statute as superfluous. Mr. Borchardt, quite a number of appellate court cases, Broyled and many others have, in interpreting the statute, have found that substantial compliance can be established without specifically mentioning the right of confrontation. How do you respond to those cases? Yeah. So those cases are generally from the 80s, but I think what's important to remember is that after those cases, the vast majority of those cases came Garner. And in Garner, it said that the defendant, the trial in absentia cannot occur unless the defendant waives the right to be present and the right to confront witnesses, which are two distinct rights. I mean, there are two distinct rights in the constitution. So given Garner, I think it at least implicitly overruled those line of cases, the Broyled Coppage in those cases. And this court should take the opportunity to more explicitly overrule those cases. Do you agree that at least in this instance where counsel was present at the trial, even though the defendant wasn't there and was able to cross examine witnesses, that the admonishment was targeted toward a, your right to be present and the fact that you would not be confronting seeing, or them seeing you, the witnesses who were there. Yeah, I think it goes more towards the latter. There is the right to have, to see and hear the witness testify. That is an important part of the right to confront witnesses. And so much so that there have been cases in the United States Supreme Court about it, about that specifically on whether, you know, it's proper to have, you know, children testify in chambers on CCTV or something like that. But even though the defendant does have the right to confront witnesses and that's still going to occur even in his absence, before we even get to that point, there needs to be a waiver of the right to confront witnesses. And so what happens at trial does not tell, or answer the question as to whether there's a valid waiver. There's only a valid waiver if the defendant is given both components of the admonishment and that has to occur before we even get to trial. And so there's no inference in admonishing the defendant that, you know, if you're not here, we're going to have the trial without you. Well, I don't think we can make that inference because that would render 50% of the statute as superfluous. If telling a defendant that proceeding to trial in absentia is necessarily going to tell him that he's going to waive his right to confront witnesses, then we have to question why the legislature included that part of the right in the statute to begin with. And I think as Justice Rochford was getting at, these are lay defendants that we are talking about. They don't have the training in the law. We cannot assume that they know their rights and how certain decisions that they make are going to impact their rights. And that is why courts spend a good deal of time talking about a defendant's rights with them and going over how certain decisions are going to impact their rights. So in his dissent, Justice Burkett said, you know, we're just looking to make sure that the essence of the admonishment was communicated. Do you agree with that?  I agree with that. And that's what substantial compliance is. But given the plain language of the statute and given how this court handled substantial compliance in Schoenig, you have to get both components of the admonishment. Mr. Rochford, what,  impact does the lack of arraignment have here? I think it has a significant impact here,  because you could only waive the rights that you know about. And you're generally going to be informed about your rights after arraignment. The trial court had nine opportunities to arraign Mr. Hytchel at which he was present. And it just simply did not do so. So he was not on notice that he had the right to confront witnesses in the first place, such that he can waive the right to confront witnesses. And we cannot assume that defendants know their rights. So if he wasn't going to be admonished, then he would necessarily have to have been arraigned. That way he knew he had that right, such that he could waive it so that trial and absentia could occur per gardener, because you have to waive the right to confront witnesses for trial and absentia to occur. I do want to talk a little bit about rule 402 here, because I know the state is relying heavily on it in its brief. I think the state largely relies on Mendoza. In respect to counsel, I think that the state's reliance on Mendoza is misplaced and it's based on this reading of Mendoza. Because Mendoza did not hold that substantial compliance occurs per se, if you tell a defendant that he's waiving his right to a trial, or that that necessarily is going to inform a defendant that he's also waiving his right to confront witnesses. To the contrary, this court held that the defendant was on notice that he was also waiving his right to confront witnesses, because he had counsel with him who had gone over the rights or the consequences of the plea with him at the time of the plea. So he was still on notice, not because the trial court told him that he was waiving his right to a  but because counsel had advised him as to the consequences of the plea. I also think it's worth stressing here that I think looking to rule 402 here is going to violate the rules of statutory construction, because we only look to other provisions when the statute is ambiguous. And this statute here is plainly unambiguous. And rule 402 is not even a same or similar enactment or provision. It is something that deals with guilty pleas, which is something completely different than trials in absentia. Trials in absentia or rather guilty pleas are something that occur every day in every single county of this state and are necessary to the administration of justice. Whereas trials in absentia are rare and they are at court and because they are at court, I think we necessarily need to require more out of them before we could allow the admonishments before we could allow trial in absentia to occur. So I don't think we could take rule 402 and ascribe the same meaning with regards to rule 402 as we can with regards to substantial compliance under this statute. And especially considering that as, as counsel recognized the statute here is the result of a complex series of trade-offs designed to balance everybody's interests and rights here. So that's not necessarily a component of rule 402 here. I also do want to take some time to talk about the state's falch argument that it made in its reply brief. Ultimately I think that is something that Garner also precludes because Garner says that if you, even for defendants who have received the admonishment in previous proceedings, that is not good enough. There is no exception to receiving the admonishment. And we're not conceding that Mr. Hytcheld received the admonishment in the misdemeanor, but even if he did, that wasn't good enough under Garner. And the misdemeanor was a different proceeding. It was under a different case number and it was ultimately dismissed. And when Mr. Hytcheld was indicted, it was under a new case number. He had to be booked again. He was in front of a different judge and in a different courtroom. So I think he needed to be admonished again, even if he did receive the admonishment in the misdemeanor, which again, we are not conceding. And I also think it's reasonable for a defendant as a lay person to conclude that, okay, I received this admonishment in the misdemeanor court, but this is a felony. It's more serious. I probably can't go to trial and absentia on this given the seriousness of it. But under those circumstances, we got to set the record straight and advise the defendant that yes, in fact, you can go to trial and absentia on a felony as well. This court, regardless, can take judicial notice of the online docket of the trial court. And the online docket does reflect for the felony that the in absentia admonishments were given on the dates that they were given, albeit insufficiently. But if they're there on a felony, I think we could expect it to appear on the misdemeanor as well. And it doesn't. And it makes sense. Why? Because he only had one court date there. And it was a court date soon after the offense was charged. So they probably were not even thinking about trial at that point. I mean, the discovery was probably still ongoing. So, Your Honors, the plain language of the statute and this court's precedent requires that the defendant be advised as to both components. Mr. Hytchel was only advised that if he did not appear, he would waive his right to be present at trial for proceeding his absence. And the trial court failed to advise him that he would also waive his right to confront witnesses. Because the trial court did not advise him that, he was erred to proceed to trial in absentia. And this court should affirm the judgment of the appellate court reversing Mr. Hytchel's convictions and remanding for a new trial. Thank you very much, Counsel. Counsel will reply. Thank you, Your Honors. Three quick points on rebuttal. First, Garner did not overrule the long line of appellate cases, which upheld admonishments that simply informed the defendant that a trial could proceed in his absence. Garner, the question to Garner was whether there was a complete exception for experienced criminals. So, whether a criminal had been in many cases and had heard these admonishments and other cases, there was some sort of exception. And Garner said, no. It didn't address this issue at all. How further do we know Garner didn't overrule these cases? Well, seven years after Garner, this court issued the decision in the Smith case, in which it specifically relied on these cases. It relied on Boyle. It relied on Coppedge. And so we know that the court didn't overrule these cases with respect to the admonishment requirement, because it relied on these cases in forming the rule, in adopting the three-part test. And, in fact, how this court has interpreted Garner also sheds light on this subject. For instance, in the Phillips case, this court stated that in Garner, quote, this court stated that section 113-4E admonishment serves as the procedural mechanism to affect a formal waiver of a defendant's right to be present. That's how this court discussed Garner, the right to be present. And that's at 197 of Phillips. And that goes to the point of how these rights are understood, the right to be present. And while a defendant will say that there's different components of the test separated by and, he can point to nothing and has pointed to nothing except that the defendant wasn't advised about, except for the use of the word confront. So, for instance, to be specific, defendant here, at one of the times he was admonished about the right to trial and absentia, he was advised that it would constitute, that his failure to appear would,  constitute a waiver of your right to be present and the trial could continue without you. So if you notice in that case, the word absence isn't present, the word confront isn't present, but there's two parts separated by hand that discusses everything that the defendant is waiving. He's waiving his right to be present, to be face to face with the witnesses and the trial could proceed without him in his absence. So we have the word, and we have every component that's defendant, the defendant is being advised of every aspect of his, what he's waiving, except we don't have these magic words, but strict compliance is all that is necessary. And we don't need magic words. We need to impart the essence of the statute. And that was done. And the defendant here for the third point is incorrect about the rule 402 admonishment analogy and Mendoza. So rule 402 has a similar structure. It involves an admonishment where the defendant is advised that there will not be a trial. And that he, who waives the right to a trial by jury and the right to be confronted with the witnesses against them. In Mendoza, this court held that there was substantial compliance by an admonishment. I'm going to ask you about this. So we know that precedent has established that defendants can be substantially admonished under rule 402 without being, without waiving his right to confront witnesses, but isn't there, or is there a big difference between a guilty plea and a trial in absentia? One is strongly favored and one is abhorred. Well, this your honor, this court has,  and the legislature made a structure of the statutes that provides for trials and admonishment when the defendant, when there's substantial evidence that a defendant is willfully absent. Um, and the guilty plea of course is also, it's not that a guilty plea is nothing. A guilty plea is a conviction essentially by itself. And you proceed immediately to sentencing after a guilty plea. You don't get a trial. And so that distinction doesn't reflect how substantial compliance with the admonishment statute should be understood.  and so this court, when it, when it was looking at rule 402 and it said you substantially comply with it by admonishing about the, admonishing defendant, um, that the trial would proceed in this absence that he waived the right, uh, to be present without, without separately discussing the word confront confrontation, um, that that was substantial compliance. And so the same, uh, idea of what substantial compliance means, what is the essence of the admonishment, uh, carries over to this situation as well. And in Mendoza, we don't know what counsel said. It is true that the court noted that defendant was represented by counsel, um, and that there was no other affirmative evidence that defendants did not understand all the ancillary rights that he was waiting, but there's nothing on the record that says defendants or nothing in the opinion that says defendants was advised by counsel of this. Um, and in any event, it's certainly true that the trial court did not admonish defendants, um, about this confrontation rights. And so just like in rule 402, um, so as in here, um, that this, the essence is the trial, uh, the waiver of the rights, um, the right to be present, the, uh, the trial rights and the confrontation right as an ancillary rights. Um, and defendants again can point to nothing that he was not advised about except the word confront, but because substantial compliance is all that required, we don't need the magic word. Um, and this court should therefore reverse the judgment of the appellate court. And is there any further questions? Um, we would ask this court to reverse the judgment of the appellate court. Thank you. Thank you very much. This case, agenda number three, number one, three, zero seven, one six people, the state of Illinois, which is David, a title will be taken under advice. Thank you both very much for your argument.